# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3068

_____

Ty S. Mitchell; Kimberly S. Mitchell,          *
                                               *
        Plaintiffs-Appellants,          *
                                               *
Christopher Mauer; Mary Jo Mauer;              *
James L. Engstrom; Kathleen P.                 *
Engstrom,                                      *
                                               *
        Plaintiffs,                     *
                                               *   Appeal from the United States
    v.                                   *   District Court for the
                                               *   District of Minnesota.
Beneficial Loan & Thrift Company,              *
                                               *   [PUBLISHED]
        Defendant-Appellee,            *
                                               *
Household Industrial Finance                   *
Company,                                       *
                                               *
        Defendant.                      *

_____

Submitted: May 18, 2006
Filed: September 6, 2006

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

The district court[1] granted summary judgment to Beneficial Loan & Thrift Company. Ty S. Mitchell and Kimberly S. Mitchell appealed the issue whether a loan transaction is subject to the Home Ownership and Equity Protection Act (HOEPA). This court affirmed on June 21, 2006. The Mitchells petitioned for rehearing, arguing that some amounts financed were not disbursed, making them "points and fees" under HOEPA. This court grants the petition for rehearing, vacates the prior opinion, and files this opinion affirming the district court.

The Mitchells assert that Beneficial violated HOEPA. HOEPA, as relevant here, requires creditors to make additional disclosures to borrowers if the total points and fees payable at closing exceed 8 percent of the total loan amount, or $400, whichever is greater. 15 U.S.C. §§ 1602(aa)(1)(B), 1639(a). The Mitchells argue that the $455 appraisal fee, $821 title insurance fee, $67 phone bill, or $1,178 overstatement of principal should be included in the total points and fees of their loan. If any one of these were included, the total points and fees would exceed 8 percent of the total loan amount, making the loan subject to HOEPA.

Appraisal and title insurance fees, if *bona fide* and reasonable, are excluded from HOEPA's definition of total points and fees. 15 U.S.C. § 1605(e); 12 C.F.R. § 226.4(c)(7). On appeal, the Mitchells claim that these fees are not *bona fide* and not reasonable because they violate the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2607(b). The district court correctly found that these fees did not violate RESPA because they were paid to an unaffiliated third party for services actually performed, and, in any event, Beneficial derived no benefit from the payments. *See Haug v. Bank of Am.*, 317 F.3d 832, 836 (8th Cir. 2003).

---

[1]The Honorable James M. Rosenbaum, Chief United States District Judge for the District of Minnesota.

As for the telephone bill and principal overstatement, the statute does not include them in total points and fees. 15 U.S.C. § 1602(aa)(4). Points and fees do, however, include "all items included in the finance charge, except interest or the time-price differential." *Id.* § 1602(aa)(4)(A). The "finance charge" is "the sum of all charges payable directly or indirectly, by the person to whom credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit." *Id.* § 1605(a). *See also* 12 C.F.R. § 226.4(a). Most importantly, the finance charge does not include charges payable in a "comparable cash transaction." 15 U.S.C. § 1605(a). *See also Cornist v. B.J.T. Auto Sales, Inc.*, 272 F.3d 322, 327 (6th Cir. 2001) ("These provisions require sellers to disclose as 'finance charges' fees payable by credit customers, but not by cash customers, in comparable transactions"); *Alston v. Crown Auto, Inc.*, 224 F.3d 332, 334 (4th Cir. 2000).

In the petition for rehearing, the Mitchells argue that the phone bill should be considered a finance charge (and thus, points and fees) because, while the $67 Verizon bill appears in the itemized "amount financed" in the disclosure form, Beneficial never remitted that payment. Ty Mitchell avers that he paid the $67 phone bill after the loan closing.

The Mitchells contend that Beneficial's non-payment of that $67 constitutes a finance charge, citing 15 U.S.C. § 1605(a), which defines "finance charge" to include fees imposed by third-party closing agents, if the creditor either requires the charge or retains the charge. This statute is inapplicable, because there were no third-party closing agents in this case. Similarly, the Mitchells' reliance on cases interpreting 15 U.S.C. § 1638(a)(2)(B) is misplaced, because it addresses a different kind of credit transaction than the one here. *See* 15 U.S.C. § 1638(a)(2)(B) (requiring accurate disclosure in transactions other than under open-end credit plans). *See also Gibson v. LTD, Inc.*, 434 F.3d 275, 285 (4th Cir. 2006); *Peters v. Jim Lupient Oldsmobile Co.*, 220 F.3d 915, 916 (8th Cir. 2000); *Gibson v. Bob Watson Chevrolet-Geo, Inc.*, 112 F.3d 283, 287 (7th Cir. 1997).

The phone bill here was not imposed as an incident to the extension of credit. It is an amount financed, not a charge incident to the extension of credit. It would be payable in a comparable cash transaction, which excludes it from the finance charge under HOEPA. *See* 15 U.S.C. § 1605(a). Accordingly, the district court correctly determined that Beneficial's non-payment of the phone bill is not part of points and fees, and does not trigger HOEPA's additional disclosure requirements.[2]

The Mitchells also claim that they were overcharged for the payoff of their (previous) first mortgage, because Beneficial overstated the payoff amount by $1,178 on the loan disclosure forms. Like the phone bill, the Mitchells argue that Beneficial's overstatement is a finance charge, which should be included in the calculation of points and fees under HOEPA. As the principal overstatement is imposed as an amount financed, not as an incident to extending credit, and would be imposed in a comparable cash transaction, this court concludes that it is not a finance charge. *See* 15 U.S.C. § 1605(a). Accordingly, while the Mitchells may have other claims regarding this amount, the overstatement of the principal is not points and fees under HOEPA.

The judgment of the district court is affirmed.

_____

---

[2]While the Mitchells may have other claims regarding the phone bill, they are not before this court. The sole issue on appeal is whether HOEPA governs the loan transaction.